IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LEE SIMMONS,

        Plaintiff,

    v.

PETER DEUEL et al.,

        Defendants.

No. CV 08-343-PK

OPINION AND ORDER

**MOSMAN, J.**,

On May 16, 2008, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#62) in the above-captioned case recommending that I (1) dismiss plaintiff David Lee Simmons's 42 U.S.C. §§ 1983 and 1985 claims and (2) deny his habeas petition. Mr. Simmons filed objections to the F&R. Consistent with my clarifications below, I adopt Judge Papak's reasoning and DENY Mr. Simmons's Motion for a Preliminary Injunction (#2) and the Motion for a Temporary Restraining Order (#44).

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

### *Mr. Simmons's Objections*

Mr. Simmons objects to the following:

1. The finding that the double jeopardy clause is not implicated.

2. The recommendation that I abstain from considering his habeas claim that his substantive and procedural due process rights were violated.

3. The finding that his request for a preliminary injunction be treated solely as a federal habeas claim.

4. The dismissal of his claims for injunctive relief under 42 U.S.C. §§ 1983 and 1985.

5. The "failure to consider the [habeas] due process claim." (Pl.'s Objections (#66) 4.)

6. The decision to quash certain subpoenas and "deprive him of the facts necessary to prove his due process claims." (*Id.* at 7.)

Mr. Simmons's first, second, fifth, and sixth objections are not well-taken. His third and fourth objections merit some discussion.

### *Treating the Request for a Preliminary Injunction Solely as a Federal Habeas Claim*

Judge Papak correctly treated the request for a preliminary injunction solely as a federal habeas claim. He states: "If Simmons were to prevail in his request for a preliminary injunction

PAGE 2 OPINION AND ORDER

on those [§§ 1983 and 1985] claims, that result would invalidate the state's custody . . . . As a result, this Court addresses Simmons' request for a preliminary injunction solely as a federal habeas claim . . . ." (F&R (#62) 8.) Granting the preliminary injunction would not necessarily invalidate the state's custody of Mr. Simmons; it would hold the trial in abeyance. However, because these claims, on their merits, necessarily affect the fact or duration of Mr. Simmons's custody or confinement, Judge Papak correctly considered Mr. Simmons's claims "solely as a federal habeas claim." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Lee v. Jones*, No. CV 05-789-MO, 2006 WL 44188, at *2 (D. Or. Jan. 9, 2006) ("[H]abeas is not the exclusive remedy for challenges that *may* affect the fact or duration of confinement . . . as opposed to those challenges that *necessarily* affect confinement.").

### *Dismissing the Claims for Injunctive Relief Under §§ 1983 and 1985*

Although Judge Papak correctly treated Mr. Simmons's request solely as a habeas claim, it is unclear whether his §§ 1983 and 1985 claims are properly dismissed at the preliminary injunction stage. On May 16, 2008, a minute order stayed "all other pending motions and their related schedules and all discovery until further order of this court." (Docket Entry #61.) Currently, there are four pending motions to dismiss, two of which are not fully briefed. Given this procedural posture, it seems more appropriate to address the preliminary injunction and not dismiss the §§ 1983 and 1985 claims.

### *The Motion for a Preliminary Injunction and the Motion for a Temporary Restraining Order*

Judge Papak's reasoning factors into the preliminary injunction analysis. He concluded

PAGE 3 OPINION AND ORDER

that Mr. Simmons has not demonstrated (1) a likelihood of success on the merits or (2) the existence of serious questions on the merits. *See Clear Chanel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) ("To obtain a preliminary injunction, a party must demonstrate 'either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor.'" (quoting *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999))). Because Mr. Simmons is not likely to succeed on the merits and there are not serious questions on the merits, it is unnecessary to balance the potential injuries. *See id.* at 816-17 (stating the plaintiff was "not likely to succeed on the merits" and not balancing the potential injuries). Therefore, I DENY the request for a preliminary injunction or a temporary restraining order.

## CONCLUSION

Consistent with the foregoing, I adopt the reasoning of Judge Papak's F&R (#62). I decline to adopt Judge Papak's recommendation that I (1) dismiss Mr. Simmons's §§ 1983 and 1985 claims and (2) deny his habeas petition. Therefore, I DENY the Motion for a Preliminary Injunction (#2) and the Motion for a Temporary Restraining Order (#44).

IT IS SO ORDERED.

DATED this  30th  day of June, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 4 OPINION AND ORDER