FILED
APR 3 0 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID LEE SIMMONS, | CV. 08-343-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| PETER DEUEL, et al., | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff David Simmons filed this action for claims under 42 U.S.C. § 1983, 28 U.S.C. § 2241 and state law arising from a state prosecution on charges a Jefferson County grand jury returned as a not true bill. In part, Simmons sought to stay a state prosecution on misdemeanor charges arising out of the same incident that led to his earlier, unlawful conviction. His complaint stated eleven causes of action, including a habeas petition, and named as defendants the State of Oregon, Jefferson County and several individuals, including Jennifer Kimble, who served as Simmons's counsel in his original prosecution.

Page 1 - FINDINGS AND RECOMMENDATION

On March 12, 2009, Simmons moved for a voluntary dismissal of his claims, pursuant to Federal Rule of Civil Procedure 41(a)(2). Kimble opposes the motion and the matter is now before the court. For the reasons set forth below, Simmons' Motion to Dismiss Voluntarily (#117) should be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff can dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The dismissal is without prejudice," unless the notice states otherwise or plaintiff previously dismissed a federal or state court action including the same claim. Fed. R. Civ. P. 41(a)(1)(B). A notice of voluntary dismissal under Rule 41(1)(1) is effective at the moment it is filed, and no judicial approval or court order is required. *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, the court's dismissal is without prejudice. *Id.*

## FACTUAL BACKGROUND

None of the defendants in this case have filed an answer or a motion for summary judgment. In June 2008, the court denied Simmons' motion for preliminary injunction, which sought to enjoin the state prosecution on new charges. In a Findings & Recommendation, which Judge Mosman adopted in December 2008, the court partially granted defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. As a result of the court's ruling, Simmons' habeas petition, his Eleventh Claim for Relief, was the sole remaining claim before this court,

Page 2 - FINDINGS AND RECOMMENDATION

although he had leave to amend his First and Third Claims for Relief against the Jefferson County District Attorney. The court denied supplemental jurisdiction over Simmons' remaining state law claims for negligence, malicious prosecution, false imprisonment and intentional infliction of emotional distress against several defendants, including Kimble, and dismissed those claims with leave to file in state court.

Following the court's order adopting the Finding and Recommendation, but before entry of judgment, both Simmons and Kimble filed a Notice of Appeal.[1] On February 5, 2009, the Ninth Circuit issued an order, requiring that each party voluntarily dismiss his or her appeal or show cause why it should not be dismissed for lack of jurisdiction. Simmons did not do either and then, when the Ninth Circuit dismissed his appeal for failure to prosecute, he filed a motion for reconsideration and a motion to dismiss the case voluntarily Kimble, on the other hand, filed a memorandum to show cause why her appeal should not be dismissed for lack of jurisdiction.

The Ninth Circuit denied Simmons' motion for reconsideration and motion for voluntary dismissal as unnecessary because a dismissal for failure to prosecute carries the same consequences as a voluntary dismissal. The Ninth Circuit has not, however, ruled on whether it has jurisdiction to hear Kimble's appeal.

Simmons moved to voluntarily dismiss his remaining claims so that he may again appeal. Kimble opposes that motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(1), "if the defendant has not served an

---

[1] Another defendant, Brendon Alexander, also appealed, but he has not opposed Simmons' motion to voluntarily dismiss.

Page 3 - FINDINGS AND RECOMMENDATION

answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court." *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1112 (9th Cir. 1999). Moreover, "Rule 41 does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal." *Id.* Here, defendants have not filed an answer or a motion for summary judgment. As a result, Simmons could have filed a voluntarily notice of dismissal under Rule 41(a)(1) and thereby automatically dismiss his remaining claims. I therefore recommend granting Simmons' motion for voluntary dismissal of his remaining claims because he could have achieved the same result had he properly filed a notice of dismissal.

Simmons, however, has failed to specify whether he seeks to dismiss his remaining claims with prejudice. Simmons' habeas petition, his Eleventh Claim for Relief, is the sole remaining claim currently before this court, although he also leave to amend his First and Third Claims for Relief against the Jefferson County District Attorney. Simmons' motion for voluntary dismissal states that his habeas petition is now moot and that he seeks to file an appeal. The court should therefore grant Simmons' motion as a dismissal with prejudice. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 750-751 (9th Cir. 2008) (treating a voluntary dismissal as a dismissal with prejudice for purposes of appellate jurisdiction when it was clear that the parties sought dismissal in order to appeal but the court order was silent on the matter); *Concha v. London*, 62 F.3d 1493, 1509 (9th Cir. 1995).

## CONCLUSION

Plaintiff's Motion to Dismiss Voluntarily (#117) should be granted. The court should dismiss Plaintiff's First, Third and Eleventh Claims for Relief with prejudice and judgment

Page 4 - FINDINGS AND RECOMMENDATION

should be entered accordingly.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 14, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

Dated this 30th day of April, 2009.

Paul Papak
Honorable Paul Papak
United States Magistrate Judge